```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

JEFFERY JEMISON, JR.,           :

     Plaintiff,                 :

vs.                             :    CIVIL ACTION 12-00244-CG-M

HUEY HOSS MACK, et al.,         :

     Defendants.                :
```

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Baldwin County Corrections Center, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I. Complaint.** (Doc. 1).

This action is before the Court for the screening of Plaintiff's complaint. (Doc. 1). Plaintiff names as Defendants Huey Hoss Mack, the Sheriff at the Baldwin County Corrections Center ("BCCC"), Aaron Reynolds, an officer at the BCCC, and Arthur L. Byrne, the Major Commander of Correction at the BCCC. (Doc. 1 at 4). Plaintiff's allegations reflect that

from November 2011 until January 2012, he was subjected to sexual harassment and neglect by the Defendants at the BCCC. (Id. at 3-5).  He claims that he was sexually harassed by Aaron Reynolds on multiple occasions.  (Id. at 3).  Specifically, Plaintiff claims that Defendant Reynolds made "verbal sexual advances" and "contacted [him] through writing and other inmates."  (Id.).  Plaintiff claims that Reynolds first contacted him in November 2011, and after that time, "made or created opportunities that would leave [them] alone so [Reynolds] could come on to [Plaintiff]."  (Id. at 3). Plaintiff also complains that

> [h]e has pulled me out of my block or living quarters under the pretense of the opportunity for me to have a free phone call - -in which I had not requested and therefore don't understand how he was able to pull this off.  Once I was out my living unit he searched me and at that time I didn't have a problem with the search cause that was standard procedures before any types of movement from living quarters.  But then on our way to the phones he proceeded to tell me how he needed to just be close to me and that he had just wanted to touch me. At that time the words he spoke left me feeling violated and I had had enough.  When I seen other officers I asked that they walk me back to my living quarters and then I told him never to come back around me again (sic).

(Id. at 3, 5).

2

Plaintiff further alleges that his complaints or grievances regarding this alleged sexual harassment have been neglected by Defendants Mack and Byrne, creating what Plaintiff describes as a "hostile environment claim." (Id. at 4-6). Plaintiff states that he has been in disciplinary segregation "practically" since he notified the administration of the sexual harassment. (Id. at 6).

For relief, plaintiff wants relief from probation and pending cases, as well as the sum of $500,000 for depression, anxiety, mental anguish, and $500,000 for neglect, and sexual harassment and $1,000,000 for hostile environment. (Id. at 8).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist.[1]  Id. at 327.

---

[1]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28
(Continued)

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). The court will treat these factual allegations as true. Iqbal, 556 U.S. at 678. However, the court will not accept as true "[c]onclusory allegations, unwarranted deductions of facts[,] legal conclusions

---

U.S.C. § 1915(b)(2)(B) in 1996. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id.

masquerading as facts," Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004), or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Iqbal, 556 U.S. at 678.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662 (2009).  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.  Discussion.**

    **A.  Sexual Harassment**

The Eleventh Circuit has recognized that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 473 F.3d 1107, 1111 (11th Cir. 2006).[2] "'[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.'" Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997)).  In determining whether sexual abuse has risen to the level of a constitutional violation, it has been held that there is an objective component of the inquiry, which requires that the injury be "objectively, sufficiently serious," and a subjective component, which requires the prison official have a "sufficiently culpable state of mind." Boddie, 105 F.3d at 861; see also Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that

---

[2] In Boxer X v. Harris, 473 F.3d 1107 (11th Cir. 2006), the Eleventh Circuit found that an inmate who was forced to strip and masturbate in front of a female officer by threat of reprisal suffered only a *de minimis* injury, which did not violate the Eighth Amendment, although the court did find that it violated the inmate's privacy rights.

the officer in question acted with a sufficiently culpable state of mind.").

It has recently been noted that "[c]ases where the injury requirement has been met involve some type of intrusive sexual contact, acts beyond mere touching, and allegations of pain." Parker v. Singletary, No. 1:09-cv-29-MP-GRJ, 2011 WL 720065, *2 (N.D. Fla. Jan. 26, 2011). The court went on to cite the following cases as examples: Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000) (demand for oral sex accompanied by grabbing and pushing inmate up against bars); Smith v. Cochran, 339 F.3d 1205, 1209 (10th Cir. 2003) (forced oral sex and sexual intercourse); Styles v. McGinnis, Case No. 0-1415, 2001 WL 1667273, *2 (6th Cir. Dec. 26, 2001) (forced rectal examination); Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999) (intrusive body cavity search). (Id. at *2 n. 23).

In the present action, Plaintiff claims that he was verbally harassed by Defendant Reynolds, as well as contacted via writing and other inmates. (Doc. 1 at 3). The only physical contact alleged is a search of Plaintiff as he was leaving his living quarters, which Plaintiff himself acknowledges to be standard procedure. (Id. at 5). Plaintiff does not allege any sexual contact during the search. Plaintiff's complaint lies in the statements made by Defendant

7

Reynolds following the search, that he needed to be "close to" Plaintiff and "touch" him. (Id. at 3, 5). In Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997), the Second Circuit affirmed the district court's dismissal for an inmate's failure to state a claim of sexual harassment when he alleged that he had been harassed, touched and pressed against in a sexual manner by a female guard. The court stated that "[h]e asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be 'objectively, sufficiently serious.' Nor were the incidents cumulatively egregious in the harm they inflicted." The court went on to state that "isolated episodes of harassment and touching … are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Id. (citing Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); and Rhodes v. Chapman, 452 U.S. 337, 348-49 & 348 n. 13 (1981)).

Similar to the complaints in Boddie but not rising to the severity of the conduct in Boddie, are Plaintiff's claims. Plaintiff has simply not alleged an "objectively, sufficiently serious" injury such as required to show an Eighth Amendment

violation.  Therefore, as to Plaintiff's claim of sexual harassment, he has failed to state a claim upon which relief may be granted.

**B.  Grievance Claim**

As to Plaintiff's claim of neglect of his grievances regarding the alleged sexual harassment, in order to state a claim under 42 U.S.C. § 1983, there must be a violation of a right arising under the Constitution or federal law.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  However, there is no constitutional or federal right to a grievance system while incarcerated.  Jernard v. Comm'r, Ga. Dep't of Corr., 457 F. App'x 837, at **2 (11th Cir. 2012) (unpublished opinion) ("This Court has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for voluntarily by a prison."); Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (an inmate has no constitutionally protected liberty interest in access to a prison grievance procedure); Thomas v. Warner, 237 F. App'x 435, at **2 (11th Cir. 2007) (unpublished opinion) (agreeing "with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure"); Baker v. Rexroad, 159 F. App'x

61, at ** 1 (11th Cir. 2005) (unpublished opinion) (agreeing with other circuits that grievance proceedings are not constitutionally mandated), cert. denied, 549 U.S. 840 (2006); see Adams v. Rice, 40 F.3d 72, 75 (4th Cir.) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."), cert. denied, 514 U.S. 1022 (1995); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) ("There is no legitimate claim of entitlement to a grievance procedure."), cert. denied, 488 U.S. 898 (1988); Chapman v. Louisiana Corr. Servs., CA 07-0795-WS-B, 2010 WL 1929859, at *4 (S.D. Ala. Apr. 6, 2010) (The law is settled that there is no constitutional right to receive a response to a grievance.).  Inasmuch as no right to a grievance system or right to receive a response to a grievance exists, this claim is frivolous.

**C. Disciplinary Segregation**

The Court notes that Plaintiff makes one mention in his complaint of disciplinary segregation, stating that he has "been in disciplinary segregation practically since I've notified the administration of the sexual harassment, I think that solidifies my hostile environment claim."  (Doc. 1 at 6).  Although vague and conclusory, the Court assumes this to be an allegation that

10

Plaintiff has spent time in disciplinary segregation as a result of his filing of a grievance.

In order to state a claim, Plaintiff must plead a claim that is plausible.  Twombly, 550 U.S. at 557.  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 555, 557 (second brackets in original).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  Plaintiff is required to show "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  Taking Plaintiff's specific allegations as true, the Court cannot construe these limited allegations against Defendants as a claim of constitutional magnitude.  (Id. at 681) (conclusory allegations are not entitled to a presumption of truth).  Since Plaintiff's allegations regarding disciplinary segregation do not contain a claim against Defendants that is plausible, Plaintiff has failed to state a claim upon which relief can be granted.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice both as frivolous and for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 7th day of June, 2012.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection.**  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

  a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

 A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

 [3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

13